# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff/Respondent,* vs. TARAH NIETFELD, *Defendant/Petitioner.* | Case No. 16-10003-EFM |

**MEMORANDUM AND ORDER**

In 2017, Tarah Nietfeld pleaded guilty to one count of possession of a firearm in furtherance of a drug trafficking crime, for which this Court sentenced her to a prison term of 90 months. This matter comes before the Court on Nietfeld's Motion collaterally attacking that sentence. For the reasons explained below, the Court denies Nietfeld's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 104). Furthermore, the Court denies the Motion without an evidentiary hearing since the Motion, files, and record of the case conclusively show that Nietfeld is not entitled to relief under § 2255.

## I.  Factual and Procedural Background

On January 12, 2016, a grand jury indicted Nietfeld and co-defendant Joshua Scott with several counts related to firearms and controlled substance offenses. On January 23, 2017, Nietfeld

entered a plea of guilty to Count Twelve of the indictment—possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). This Court sentenced Nietfeld on April 10, 2017, to a controlling term of imprisonment of 90 months. Nietfeld filed the present motion on July 19, 2019, asking the Court to vacate her sentence pursuant to 28 U.S.C. § 2255.

## II. Legal Standard

Under 28 U.S.C. § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts:

> [T]he judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . . If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[1] The petitioner must allege facts that, if proven, would warrant relief from his conviction or sentence.[2] An evidentiary hearing is not necessary where a § 2255 motion contains factual allegations that

---

[1] 28 U.S.C. § 2255(b).

[2] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled in part on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[3]

### III.    Analysis

**A.    *United States v. Davis***

Nietfeld argues that the Court should vacate her sentence because the Supreme Court's recent decision in *United States v. Davis*[4] held 18 U.S.C. § 924(c)(3)(B) unconstitutional for vagueness. "That statute authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of,' any federal 'crime of violence or drug trafficking crime.' "[5] Section 924(c)(3) defines a crime of violence as "an offense that is a felony" that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.[6]

Violators of § 924(c) face greater mandatory minimum sentences if they possess, brandish, or discharge firearms in conjunction with the predicate offenses.[7]

The Supreme Court held that § 924(c)(3)(B) was unconstitutionally void for vagueness because it administered a "categorical" approach to a judge's analysis of predicate offenses when

---

[3] *See id.* (stating that "the allegations must be specific and particularized, not general or conclusory"); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that were merely conclusory in nature and without supporting factual averments).

[4] 139 S. Ct. 2319 (2019).

[5] *Id.* at 2324 (citing 18 U.S.C. § 924(c)(1)(A)).

[6] 18 U.S.C. § 924(c)(3)(A-B).

[7] 18 U.S.C. § 924(c)(1)(A)(i-iii).

sentencing a defendant.[8] Following its precedent in *Johnson v. United States*[9] and *Sessions v. Dimaya*,[10] the Court reasoned that "the imposition of criminal punishments cannot be made to depend on a judge's estimation of the degree of risk posed by a crime's imagined 'ordinary case.' "[11] The Supreme Court focused only on the heightened penalties for firearm possession in conjunction with crimes of violence and did not hold other parts of § 924(c) unconstitutional.

The Supreme Court's holding in *Davis* does not provide a basis for the Court to vacate Nietfeld's sentence. Nietfeld pled guilty to possession of a firearm in furtherance of a drug trafficking crime in violation of § 924(c)(1)(A), not the possession of a firearm "during and in relation to any crime of violence."[12] Nietfeld's predicate offense does not implicate § 924(c)(3)(B). Rather, Nietfeld's predicate offense of drug trafficking involves only § 924(c)(1)(A), which the Supreme Court has not held to be unconstitutional. As such, the Court concludes that *Davis* provides no support for Nietfeld's motion to vacate her sentence under § 2255.

**B.   Certificate of Appealability**

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the defendant. A court may only grant a COA "if the applicant has made a substantial showing of the denial of a

---

[8] *Davis*, 139 S. Ct. at 2336.

[9] 135 S. Ct. 2551 (2015).

[10] 138 S. Ct. 1204 (2018).

[11] *Davis*, 139 S. Ct. at 2326.

[12] 18 U.S.C. § 924(c)(1)(A).

constitutional right."[13]  A defendant satisfies this burden if " 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.' "[14]  For the reasons explained above, Nietfeld has not made a substantial showing of the denial of a constitutional right. Therefore, the Court denies a COA.

**IT IS THEREFORE ORDERED** that Tarah Nietfeld's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 104) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 23rd day of December, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[13] 28 U.S.C. § 2253(c)(2).  The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issue a COA.  *See* 28 U.S.C. § 2253(c)(1).

[14] *Saiz v Ortiz*, 392 F.3d 1166, 1171 n. 3 (10th Cir. 2004) (quoting *Tennard v Dretke*, 524 U.S. 274, 282 (2004)).