## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.                                            Case No. 16-10003-01-EFM

TARAH NIETFELD,

    *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion to Reduce Sentence (Doc. 114). She seeks early release from prison due to COVID-19. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion.

### I.    Factual and Procedural Background

On January 23, 2017, Defendant pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime, a violation of 18 U.S.C. § 924(c). On April 10, 2017, Defendant was sentenced to 90 months imprisonment. Defendant is 29 years old, and she is currently incarcerated at Carswell FMC. There have been 525 positive cases in her facility, and two inmates have died.[1]

---

[1] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited September 15, 2020).

Currently, there are 13 active inmate cases and three active staff cases. Defendant's projected release date is February 14, 2023.

On July 24, 2020, Defendant filed a motion seeking early release due to COVID-19.

District of Kansas Standing Order 19-1 appoints the Federal Public Defender ("FPD") to represent indigent defendants who may qualify to seek compassionate release under § 603 of the First Step Act. Administrative Order 20-8 supplements 19-1 and sets forth procedures to address compassionate release motions brought on grounds related to the COVID-19 pandemic. Under 20-8, the FPD has 15 days to notify the Court whether it intends to enter an appearance on behalf of any pro se individual filing a compassionate release motion based on COVID. Here, the FPD notified the Court that it did not intend to enter an appearance to represent Defendant.

## II.     Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[2] It allows defendants to seek early release from prison provided certain conditions are met. First, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the [Bureau of Prisons ("BOP")] failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[3] The administrative exhaustion requirement is jurisdictional and cannot be waived.[4]

---

[2] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[3] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[4] *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, --- F. Supp. 3d ---, 2020 WL 1888856, at *3–4 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that exhaustion of administrative remedies is a prerequisite for the court's jurisdiction); *cf. United States*

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[5]  Finally, the Court must ensure that any reduction in Defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[6]

### III. Analysis

Defendant seeks early release based on the spread of COVID-19 in prison. She does not provide any reason for release other than the prison system is ill-equipped to handle the spread of COVID-19. The government asserts that Defendant is not an appropriate candidate for release.

**A.   Exhaustion**

Defendant has satisfied the exhaustion requirement described in § 3582(c). She requested compassionate release from the Warden on June 1, 2020. As of July 24, Defendant had not received a response from the Warden. The government also admits that Defendant meets the

---

*v. Younger*, 2020 WL 3429490, at *3 (D. Kan. 2020) (reasoning that the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[5] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[6] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

exhaustion requirement. Thus, because more than 30 days have passed since Defendant's request, the Court has jurisdiction to decide his motion.

### B. Extraordinary and Compelling Reasons

Defendant next asserts that the outbreak of COVID-19 in the facility in which she is housed constitutes an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A). She does not identify any underlying health conditions that she suffers from that would make her more susceptible to severe complications if she contracts COVID-19. Generalized concerns about COVID-19, even when the virus has spread within a correctional facility, do not create the type of extraordinary and compelling circumstances sufficient to justify compassionate release.[7] Accordingly, because Defendant does not make any individualized showing about her increased vulnerability to contracting COVID-19 and having significant or severe health issues, she does not meet her burden in demonstrating extraordinary and compelling circumstances warranting compassionate release.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence (Doc. 114) is **DENIED.**

**IT IS SO ORDERED**.

Dated this 16th day of September, 2020.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[7] *United States v. Dial,* 2020 WL 4933537, at *3 (D. Kan. 2020) (citing *United States v. Seymon*, 2020 WL 2468762, at *4 (C.D. Ill. 2020) ("The Court does not seek to minimize the risks that COVID-19 poses to inmates in the BOP," however, "the mere presence of COVID-19 in a particular prison cannot justify compassionate release – if it could, every inmate in that prison could obtain release.")).