IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 16-CR-10003-01-EFM

TARAH NIETFELD,

    *Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Tarah Nietfeld's Motion for Reconsideration of Movant's Compassionate Release under § 3582(c)(1)(a) (Doc. 122). The Court previously denied Defendant's motion to reduce sentence finding that Defendant did not demonstrate extraordinary or compelling circumstances warranting her early release from prison. Specifically, the Court found that Defendant did not identify any underlying health conditions that made her more susceptible to severe complications should she contract COVID-19, and generalized concerns were an insufficient reason.[1] Defendant is again before the Court stating that she tested positive for COVID-19 in July. She states that this substantial change in circumstances

---

[1] Doc. 120.

warrants the Court's reconsideration of its previous denial for release. The government opposes Defendant's motion. For the reasons stated below, the Court denies Defendant's motion.

## I.  Factual and Procedural Background

On January 23, 2017, Defendant pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime, a violation of 18 U.S.C. § 924(c). On April 10, 2017, Defendant was sentenced to 90 months imprisonment. Defendant is 29 years old, and she is currently incarcerated at Carswell FMC. There have been 511 positive cases in her facility, and six inmates have died.[2] Currently, there are five active inmate cases and three active staff cases. Defendant's projected release date is February 14, 2023.

In mid-July, Defendant filed a motion seeking early release due to COVID-19.[3] The Court denied her motion finding that she did not present an extraordinary or compelling reason warranting release because she only identified generalized concerns. Defendant seeks reconsideration of that order stating that she was diagnosed with COVID-19 in late July, and the Bureau of Prisons ("BOP") does not have the pandemic under control. She is concerned that she will be re-infected and would like to be placed on home confinement.[4] The government opposes her motion.

---

[2] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited October 26, 2020).

[3] The Court notes Defendant's motion to reduce sentence was filed on July 24, 2020 (Doc. 114). At that time, Defendant had not tested positive for COVID-19.

[4] The FPD did not enter an appearance on behalf of Defendant although it could have done so pursuant to District of Kansas Administrative Standing Orders 20-8 and 19-1.

## II.     Legal Standard

Although the Federal Rules of Criminal Procedure do not specifically provide for motions to reconsider, the Tenth Circuit allows them.[5] The standards governing them are the same standards that govern civil motions for reconsideration.[6] The Court can alter its judgment "where the court has misapprehended the facts, a party's position, or the law."[7] A motion for reconsider allows the Court to correct clear errors of law or fact or to review newly discovered evidence.[8]

## III.    Analysis

Defendant seeks reconsideration due to being diagnosed with COVID-19 after filing her motion to reduce sentence. The government continues to assert that Defendant is not an appropriate candidate for release. Defendant's diagnosis of COVID-19 does not change the Court's previous determination. She does not identify any underlying medical conditions that she suffers from that increases her risk of severe complications from having COVID-19. In addition, it does not appear that she had severe medical complications from already having COVID-19, thus diminishing her concern that she will or would develop severe complications.[9] Finally, based on current scientific and medical information, there is no indication as to the likelihood that Defendant can or could be re-infected.[10] The Court recognizes the concerns and risks of COVID-19, but the

---

[5] *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).

[6] *Id.*

[7] *Id.* (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

[8] *Id.*

[9] She states that she has the symptoms of shortness of breath, headaches, and blood clots. Her medical records indicate, however, that she suffered from body aches, shortness of breath for one day, and loss of taste. These records further reflect that her symptoms had resolved.

[10] Defendant states that re-infection is happening at her facility.

presence of it in her facility does not justify a compassionate release, particularly when Defendant already had COVID-19 without any evidence of severe health complications. Accordingly, Defendant does not meet her burden in establishing a basis for the Court to reconsider its prior order denying her request for release. Thus, the Court denies Defendant's motion for reconsideration.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration of Movant's Compassionate Release under [§] 3582(c)(1)(a) (Doc. 122) is **DENIED.**

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE